1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA. | Case No.  1:13-cv-00468-AWI-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED** |
| v. | |
| BARRY HALAJIAN; BARRY HALAJIAN SS MUNICIPLE CORPORATION, | **OBJECTIONS DUE:  21 DAYS** |
| Defendants. | (Doc. 12) |
| _____/ | |

## I.    INTRODUCTION

On March 29, 2013, the United States ("Plaintiff" or the "Government") filed a complaint alleging that Defendants Barry Halajian and "Barry Halajian SS Municiple Corporation" (collectively, "Defendants") filed false UCC-1 Financing Statements with the California Secretary of State naming six federal employees, among others, as debtors.  (Doc. 1.)  Plaintiff seeks a judicial declaration that the UCC-1 Financing Statements are null and void, an order directing that the false liens be expunged, and injunctive relief enjoining Defendants from filing any other similar false documents against federal employees.  (Doc. 1.)

No answer to the complaint was filed and on September 6, 2013, Plaintiff filed a motion for default judgment.  (Doc. 12.)  No opposition to the motion was filed, and the Court took the matter under submission, vacating the hearing set for October 9, 2013.  For the reasons set forth

1  below, it is RECOMMENDED that Plaintiff's motion for default judgment be GRANTED.

2                                    **II.    BACKGROUND**

3         Plaintiff alleges that Defendants falsely filed Uniform Commercial Code Financing

4  Statements with the State of California against several federal employees.  A Uniform Commercial

5  Code Financing Statement ("UCC-1 Statement") is a legal form that a creditor files to give notice

6  that the creditor has a security interest in the personal property of a debtor.  (Doc. 1, ¶ 6.)  The

7  UCC-1 Statement is generally filed with the Secretary of State in a state where the debtor resides

8  to "perfect" the creditor's security interest in the debtor's property.  (Doc. 1, ¶ 7.)  The filing of a

9  UCC-1 Statement creates a lien against the debtor's property and also establishes priority in case

10  of debtor default or bankruptcy.  (Doc. 1, ¶ 8.)  To file a UCC-1 Statement, a debt must be owed to

11  the filer and the debtor must authorize the filing of the UCC-1 Statement.  (Doc. 1, ¶ 9.)  The

12  office of the California Secretary of State where the UCC-1 Statements are filed is located in

13  Sacramento, California.  (Doc. 1, ¶ 10.)

14         In its motion, Plaintiff maintains that Defendant Barry Halajian is a debtor in a chapter 7

15  case pending in the United States Bankruptcy Court in the Eastern District of California, Fresno

16  division.  (Doc. 12-1, 3:12-13.)  Defendant Barry Halajian SS Municiple Corporation (also known

17  as Barry Stuart Halajian) was the debtor in a chapter 9 case, *In re Barry Halajian SS Municiple*

18  *Corporation (aka Barry Stuart Halajian)*, No. 12-bk-15132-A-9, which is now closed.   Barry

19  Halajian has also been a plaintiff in a number of cases in the U.S. District Court for the Eastern

20  District of California.   The Government asserts its belief that Defendants have filed the false liens

21  described below because they are dissatisfied with events or outcomes related to their bankruptcy

22  or district court proceedings.  (Doc. 12-1, 4:18-19.)

23         Plaintiff alleges that Defendants caused to be filed with the California Secretary of State

24  UCC-1 Statements falsely asserting that various federal employees were debtors.  Specifically,

25  Defendants filed a UCC-1 Statement on July 13, 2012, describing Mark Pope ("Pope"), an

26  Assistant U.S. Trustee for Region 17 in Fresno, California, as a debtor.  (Doc. 1, ¶ 11.)  Pope and

27  Clifford J. White III ("White") were also named in the "collateral" portion of this UCC-1

28  Statement.  (Doc. 1, ¶ 11.)  Mr. White is the Director of the Executive Office for the United States

1   Trustees in Washington, D.C.  (Doc. 1, ¶ 21.)  This UCC-1 Statement bore a document number of

2   33863990002 and a filing number 12-7320754758.  (Doc. 1, ¶ 11.)

3          On July 17, 2012, Defendants filed another UCC-1 Statement with the California Secretary

4   of State describing Wayne Blackwelder ("Blackwelder") as a debtor.  (Doc. 1, ¶ 12.)  This UCC-1

5   Statement bore the document number 33901080003 and the filing number 12-7321186819.  (Doc.

6   1, ¶ 12.)  Mr. Blackwelder was the Clerk of the Court for the U.S. Bankruptcy Court for the

7   Eastern District of California in Sacramento, California.  (Doc. 1, ¶ 16.)  Mr. Blackwelder and

8   Victoria C. Minor ("Minor") were named in the "collateral" portion of the UCC-1 Statement.

9   (Doc. 1, ¶ 14.)  At all relevant times, Ms. Minor was the Clerk of Court for the U.S. District Court

10  for the Eastern District of California in Sacramento, California.  (Doc. 1, ¶ 19.)

11         Also on July 17, 2012, Defendants filed a third UCC-1 Statement with the California

12  Secretary of State describing Pope as a "debtor," and naming Pope and White in the "collateral"

13  portion of the statement.  (Doc. 1, ¶ 13.)  This UCC-1 Statement bore the document number

14  33901080004 and filing number 12-7321190874.  (Doc. 1, ¶ 13.)

15         Finally, on July 17, 2012, Defendants filed a UCC-1 Statement with the California

16  Secretary of State describing Frederick E. Clement ("Clement") as a "debtor," and Clement, Pope,

17  Blackwelder, Minor, and Christopher M. Klein ("Klein") are named in the "collateral" portion of

18  this UCC-1 Statement.  (Doc. 1, ¶ 14.)  This UCC-1 Statement bore the document number

19  33901080005 and filing number 12-7321191643.  (Doc. 1, ¶ 14.)  Clement and Klein are United

20  States Bankruptcy Court Judges in the Eastern District of California.  (Doc. 1, ¶¶ 17, 18.)

21         Plaintiff alleges that none of the federal employees named in the false UCC-1 Statements

22  have ever been indebted to Defendants for payment or other performance; given Defendants any

23  security interest in their assets or otherwise entered into any security agreement with defendants;

24  dealt with or otherwise interacted with defendants or, if any interaction ever occurred, it was

25  solely in their respective official capacities; or authorized the filing of UCC-1 Statements against

26  them by Defendants.  (Doc. 1, ¶ 23.)  Plaintiff also contends that the false UCC-1 Statements are

27  specifically designed to molest, interrupt, hinder, intimidate or impede employees of the United

28  States in the good faith performance of their official duties.  (Doc. 1, ¶ 24.)  Plaintiff contends that

the federal employees identified in the UCC-1 Statements face substantial hardship and costs associated with false information in the public record that may impede or impair their personal credit and detract from performance of their official duties.  (Doc. 1, ¶ 26.)  Plaintiff further alleges that the UCC-1 Statements pose an immediate and irreparable injury upon the United States of America by impeding, obstructing, and impairing the execution of the official duties of its employees or officers.  (Doc. 1, ¶ 27.)

Plaintiff seek a declaration pursuant to 28 U.S.C. § 2201 that the UCC-1 Statements Defendants filed are null, void, and of no legal effect and requests that the Court order the California Secretary of State to remove and expunge the false UCC-1 Statements from the official record of the California Secretary of State.  Plaintiff also seeks injunctive relief pursuant to 18 U.S.C. § 1345, permanently enjoining Defendants from filing or recording any document which purports to create any nonconsensual lien or encumbrance against the person or property of any employee or officer of the United States.  (Doc. 1, ¶¶ 34-38.)

### III.   DISCUSSION

**A.     Legal Standard**

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a).   It is within the sole discretion of the court as to whether default judgment should be entered.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  A defendant's default by itself does not entitle a plaintiff to a court-ordered judgment.  *See id.*  Instead, the Ninth Circuit has determined that a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The *Eitel* factors include the following:  (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *See id.*

A plaintiff is required to prove all damages sought in the complaint. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1992). In addition, any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint. Fed. R. Civ. P. 54(c). If the facts necessary to determine the damages are not contained in the complaint, or are legally insufficient, they will not be established by default. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Finally, once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See Televideo Sys., Inc.*, 826 F.2d at 917.

**B.      Plaintiff's Motion for Default Judgment Should Be Granted**

**        1.        Prejudice to Plaintiff**

The first *Eitel* factor, prejudice to Plaintiff, weighs in favor of granting the motion for default judgment. Defendants have failed to respond to Plaintiff's complaint. If Defendants never file a responsive pleading, the case will not be placed before the Court on its merits, and Plaintiff will be without a remedy. Additionally, as Plaintiff notes, the federal employees named in the UCC-1 Statements are subject to continuing personal harm by the existence of liens against them in the public record. Due to the potential for prejudice, this factor weighs in favor of entering a default judgment.

**        2.        Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint.**

The next relevant *Eitel* factors include the merits of the substantive claims pled in the complaint as well as the general sufficiency of the complaint. In weighing these factors, courts evaluate whether the complaint is sufficient to state a claim that supports the relief sought. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (internal quotation marks omitted).

Plaintiff seeks declaratory relief under 28 U.S.C. § 2201. Pursuant to Section 2201, district courts have authority to "declare the rights and other legal relations of any interested party seeking such declaration . . . except with respect to Federal taxes." 28 U.S.C. § 2201(a). Courts in this

circuit have routinely granted declaratory relief to expunge sham items filed against government officials.  *See, e.g., United States v. Marty*, No. CIV S-10-2805 KJM EFB, 2011 WL 4056091, at *8 (E.D. Cal. Sept. 12, 2011) (sham UCC Financing Statements filed against IRS and Department of Justice officials held null, void, and of no legal effect).

Under applicable California law, a lien is created by a contract between parties or by operation of law.  Cal. Civ. Code § 2881.  Under California Commercial Code Section 9203(b)(3)(A), a security interest in personal property is created by a security agreement between a debtor and the secured party.  *Marty*, 2011 WL 4056091, at *5.  "In the absence of a valid security agreement, a financing statement does not create an enforceable security interest."  *Id.*

Here, the UCC-1 Statements filed by Defendants named Pope, White, Blackwelder, Minor, Clement, and Klein as "debtors."  Plaintiff alleges that none of these federal employees, in their personal or professional capacities, has entered into any contracts with Defendants, executed any security agreements for the benefit of Defendants, nor have they authorized Defendants to file any UCC Financing Statements.  (Doc. 1, ¶ 23; Doc. 12-2, Blackwelder Decl., ¶ ¶¶6-8; Doc. 12-3, Clement Decl., ¶¶ 5-7; Doc. 12-4, Klein Decl., ¶¶ 5-7; Doc. 12-5, Minor Decl., ¶¶ 6-8; Doc. 12-6, Pope Decl., ¶¶ 7-9; Doc. 12-7, White Decl., ¶¶6-8.)

Plaintiff has pled sufficient facts to establish that the UCC-1 Statements filed by Defendants against these federal employees are false and have no legal effect.  *See Marty*, 2011 WL 4056091, at *5.  Plaintiff's claim for declaratory relief is well-pled, and appears to have substantive merit.

Plaintiff seeks injunctive relief pursuant to 18 U.S.C. § 1345(a)(1).  Plaintiff asserts that, upon a showing that a defendant is violating or is about to violate 18 U.S.C. § 1343, the United States is entitled to an injunction enjoining all future fraudulent conduct.  (Doc. 21, ¶ 35.)

Section 1343 provides that

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such

1   scheme or artifice, shall be fined under this title or imprisoned not more than 20
    years, or both . . . .

2

3   Section 1345 states that if a person is about to violate or has violated the provisions of the section,

4   the Attorney General may commence an action in any district court to enjoin such violation.

5   18 U.S.C. § 1345(a)(1).

6       Plaintiff alleges that Defendants' conduct constitutes violations of Section 1343 in that they

7   have formed a scheme or artifice to defraud United States employees and the public to obtain

8   money or property by means of false or fraudulent pretenses and misrepresentations that federal

9   employees are indebted to Defendants, have granted Defendants liens to their property, and have

10  authorized the filing of UCC-1 Statements against them.  (Doc. 1, ¶ 36.)  Plaintiff further alleges

11  that Defendants used the internet to further this fraudulent scheme with the specific intent to

12  deceive or defraud by filing the false UCC-1 Statements with the California Secretary of State via

13  the online UCC Connect website and using a credit card to pay the filing fees.  (Doc. 1, ¶ 36.)  As

14  such, Plaintiff maintains that it is entitled to an order permanently enjoining Defendants from

15  filing or recording documents which purport to create a nonconsensual lien or encumbrance

16  against the person or property of any employee or officer of the United States.  (Doc. 1, ¶ 37.)

17  These allegations set forth an adequately pled a claim for injunctive relief pursuant to Sections

18  1343 and 1345.

19      In sum, Plaintiff's claims for declaratory and injunctive relief are sufficiently pled and

20  appear to have substantive merit.  This factor weighs in favor of granting default judgment.

21
        **3.     The Sum of Money at Stake in the Action Does Not Weigh Against Default
22              Judgment**

23      The fourth *Eitel* factor, the sum of money at stake, weighs in favor of default judgment.

24  Default judgment is disfavored when a large amount of money is involved or is unreasonable in

25  light of the defendant's actions.  *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594

26  JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).  In this case, Plaintiff is seeking

27  declaratory and injunctive relief, not damages.  Therefore, this factor weighs in favor of granting

28  default judgment.

7

**4.      The Possibility of a Dispute Concerning the Material Facts**

With regard to the this factor, no genuine issue of material fact exists because the allegations in the complaint are taken as true, *Televideo Systs.*, 826 F.2d at 917-18, and Defendants have submitted nothing to contradict the well-pled allegations.  As such, this factor weighs in favor of default judgment.

**5.      Whether Default was Due to Excusable Neglect**

There are no facts in the record that evidence that Defendants' failure to appear or otherwise defend against the motion for default judgment is the result of excusable neglect. Defendants were served by publication, but failed to respond to the complaint.  This factor, therefore, favors default judgment.

**6.      The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits**

Although policy favors decisions on the merits whenever reasonably possible, this policy standing alone is not dispositive, particularly where a defendant fails to appear or defend itself in an action.  Here, because the other factors favor the entry of default judgment, on balance the policy favoring decisions on the merits is outweighed and does not preclude the entry of default judgment.

**C.      The Relief Sought Should be Granted**

**1.      Declaratory Relief**

Plaintiff seeks a declaration that the UCC-1 Financing Statements filed by Defendants are false, have no legal effect, and should be expunged.  This request is within the scope of what is demanded in the complaint, and it is reasonable in light of the circumstances of this case. Accordingly, the Court recommends that Plaintiff's request for declaratory relief be granted.  *See United States v. Uptergrove*, No. 1:10-cv-01598-RMW, 2012 WL 639482, at * 6 (E.D. Cal. Feb. 24, 2012).  Plaintiff also seeks an order directing the California Secretary of State to expunge from the official records the listed false documents and any other similar documents filed by or on behalf of Defendants.

**2.     Injunctive Relief**

Plaintiff also seeks a permanent injunction enjoining Defendants from filing any document which purports to create a non-consensual lien or encumbrance against any federal employee.

A plaintiff seeking a permanent injunction must satisfy a four-factor test:  (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.  *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 3011-13 (1982)).

Under the first factor, Plaintiff has established irreparable harm by Defendants' filing of frivolous liens against government officials.  *See, e.g., Marty*, 2011 WL 4056091, at *7 ("[D]efendant's actions in filing these lawsuits and documents, impose irreparable harm upon the employees of the federal government with whom these tax protestors quarrel.")  Here, employees of the federal government have been harassed in their personal lives for performing their jobs, and have been distracted from carrying out their official duties.  The Government's employees deserve protection from Defendants' frivolous filings.   The first prong for a permanent injunction is satisfied.

Second, the remedies available at law, such as damages, are inadequate to compensate for the injuries suffered.  Absent an injunction, Plaintiff has no recourse to stop Defendants from filing more liens against governmental employees.  Thus, the second prong is satisfied.

Third, because Defendants' UCC liens have no basis in law or fact, Defendants will not be injured by an injunction preventing them, or others acting on their behalf, from filing similar documents in the future.  Further, the requested injunction will not impair Defendants' ability to file valid, non-frivolous legal liens.  In light of the irreparable injury resulting from Defendants' liens, the balance of hardships weighs in favor of Plaintiff.

Finally, the public's interest in safeguarding the efficient administration of the government and the prevention of abuse and harassment of governmental employees supports imposing the

permanent injunction Plaintiff seeks.  Therefore, the public interest would not be disserved by the issuance of a permanent injunction against Defendants.

In sum, Plaintiff has established the elements necessary to obtain the requested injunctive relief against Defendants.  As such, the Court recommends that Plaintiff's request for injunctive relief be granted.

## IV.    CONCLUSION AND RECOMMENDATION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment be GRANTED and judgment for the United States be entered on all claims;

2. The following UCC-1 Financing Statements be declared null, void, and of no legal effect, and that the Secretary of the State of California be directed to expunge them from her records:

   a. UCC-1 Financing Statement, Document Number 33863990002, Filing Number 12-7320754758;

   b. UCC-1 Financing Statement, Document Number 33901080003, Filing Number 12-7321186819;

   c. UCC-1 Financing Statement, Document Number 33901080004, Filing Number 12-7321190874;

   d UCC-1 Financing Statement, Document Number 33901080005, Filing Number 12-7321191643;

3. Leave should be granted for Plaintiff to file the judgment and final order of this Court with the Secretary of State and in the public records of any other jurisdiction where documents identical or similar to the above specified UCC Financing Statements have or may have been filed by Defendants;

4. Defendants Barry Halajian and Barry Halajian SS Municiple corporation, their agents, employees, and all others acting in active concert or participation with them, should be permanently enjoined from filing, or attempting to file, any document or instrument which purports to create or reflect any non-consensual lien

10

or encumbrance against the person or property of the court officers identified above (Wayne Blackwelder, Fredrick Clement, Christopher Klein, Victoria Minor, Mark Pope, and Clifford White) or other employees or officers of the United States.  The permanent injunction  should not prevent Defendants from applying to any state or federal court of competent jurisdiction in order to obtain relief of any non-frivolous legal claim, and the injunction should not apply or prohibit liens lawfully created by any judgment of a court of competent jurisdiction.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:  __**November 5, 2013**__                    _____**/s/ Sheila K. Oberto**_____
                                                    UNITED STATES MAGISTRATE JUDGE

11